**Bicketa J. BLACKMOND, Plaintiff,**

v.

**WALKER–THOMAS FURNITURE CO., INC., Defendant.**

**Civ. A. No. 76–1834.**

United States District Court, District of Columbia.

Jan. 5, 1977.

Gerald W. Von Korff, Washington, D. C., for plaintiff.

Jordan M. Spivok, Bethesda, Md., for defendant.

## MEMORANDUM AND ORDER

GESELL, District Judge.

Upon consideration of plaintiff's motion for summary judgment, the statement of points and authorities in support thereof and in opposition thereto, and after full hearing, the Court makes the following findings:

Defendant is a creditor as defined by the Truth in Lending Act, 15 U.S.C. § 1602(f) and Regulation Z, § 226.2(s), and the six transactions at issue are "credit sales." 15 U.S.C. § 1602(g); Regulation Z, § 226.2(t). The Court finds that the transactions were not under an "open end credit" plan, see Regulation Z, § 226.2(x), and therefore the defendant was required to make the Truth in Lending disclosures listed in Regulation Z, § 226.8.

■ The Court finds that defendant violated Regulation Z, § 226.8(b)(5), in each transaction by failing to provide a clear description of the property subject to a security interest. The disclosure was misleading and unclear in two respects. First, the face of the contract which contains the Truth in Lending disclosure statement does not disclose all the secured property. The face of the contract identifies only the most recently purchased property as subject to a security interest. No specific statement on the front side directs pointed attention to the further and more crucial security statement on the reverse side.

Second, the cross collateral clause on the reverse side of the contract does not clearly identify the collateral carried over from previous transactions. At the foot of the first or front page the following appears:

The terms of this contract are contained on both sides of this page.

Notice: See other side for important information

On the reverse side the following appears:

READ CAREFULLY

Whenever subsequent purchases have been added and consolidated in a new balance, the payment provided herein on the new balance shall be considered allocated to the first purchase, and, in order, to each subsequent purchase. Each purchase will be considered a single unit for the purposes of each allocation, thereby each purchase unit will be completely paid for in order of seniority, the seller retaining title only to those purchases not completely paid for on this allocation. The amount of any down payment on a subsequent purchase shall be allocated in its entirety to such subsequent purchase. In the case of items purchased on the same date, the lowest priced shall be deemed first paid for.

The consolidation of a prior transaction coupled with lumping of principal and interest payments leaves no clear way the purchaser can ascertain even with (let alone without) prior contracts in hand which items purchased have been paid for and hence released from security, and which have not. Where each of the six prior transactions was itself a consolidation, the confusion makes the language quoted less

and less intelligible as time goes on. Few consumers have the capability to make the computations this so-called "disclosure" involves, and Regulation Z, § 226.8(b)(5) is not satisfied.

Turning to the matter of damages, there appear to be three alternatives for computing the statutory damages. Plaintiff computes $5,698.76 by doubling the finance charge as it appears on each of the sheets which it treats as separate transactions. Since a portion of each finance charge prior to the last transaction is repeated in the next under the consolidation procedure, this serves to create a multiplying factor not contemplated by the statutory formula contained in 15 U.S.C. § 1640(a)(1). The finance charge on the last transaction sheet is $889.22. When doubled, the amount would exceed $1,000, thus limiting the recovery to $1,000 under the statutory formula. The first method is excessive and the last fails to treat each transaction separately as the statute requires in measuring damages. A third approach is preferable and the most consonant with congressional intent. The record indicates the finance charge attributable to each transaction after eliminating the carry-over. Each of these amounts when doubled results in an award of $1,626.18, computed as follows:

| Complaint Exhibit | Finance Charge |
|---|---|
| A | $ 54.54 |
| B | 261.06 |
| C | 59.81 |
| D | 62.96 |
| E | 44.91 |
| F | 329.81 |
| | $ 813.09 |

There exists no genuine issue of material fact between the parties. Pursuant to Fed. R.Civ.P. 56, plaintiff is entitled to summary judgment. Defendant has violated the Truth in Lending Act in each of the separate transactions and plaintiff is therefore awarded the statutory damages provided in 15 U.S.C. § 1640, including attorneys' fees and the costs of this action. Accordingly, defendant's cross-motion for summary judgment is denied, and it is hereby

ORDERED that judgment be entered in favor of plaintiff against defendant in the sum of $1,626.18, plus attorneys' fees and the costs of this action. Plaintiff's attorney shall submit an affidavit in support of award of attorneys' fees on or before January 19, 1977.